**IMG-099**                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2080
_____

MUSTAFA NAHAS PASHA,
                                         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                         Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A055-526-135)
Immigration Judge: Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011

Before:  FUENTES, VANASKIE AND NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2011)
_____

OPINION
_____

PER CURIAM

Mustafa Nahas Pasha filed this petition for review of a Board of Immigration

Appeals (BIA) decision that rejected his claims, denied his motion to remand, and

ordered him removed to his native Pakistan.  For the reasons that follow, we will dismiss

the petition for review in part for lack of jurisdiction, and deny it on the merits in part.

## I. Background

Pasha entered the United States in November 2002 as a lawful permanent resident. In December 2008, Pasha was convicted in the Supreme Court of the State of New York, Nassau County of attempting to possess, with the intent to sell, cocaine. And in April 2009, Pasha was convicted in the Supreme Court of the State of New York, Queens County of criminal possession of, with the intent to sell, cocaine. Based on those convictions, the Government issued a notice to appear charging Pasha with removability pursuant to 8 U.S.C. §§ 1101(a)(43)(U) (defining inchoate aggravated felonies), 1227(a)(2)(A)(iii) (making aggravated felon aliens deportable), and 1227(a)(2)(B)(i) (making aliens convicted of controlled substance violations deportable).

Attorney Michael I. Levai initially represented Pasha during removal proceedings, which began in Napanoch, New York, and then moved to York, Pennsylvania. At a hearing on December 7, 2009, the Immigration Judge (IJ) engaged Levai, who was appearing via telephone, in the following discussion:

> IJ: Counsel, what relief, if any, will your client be seeking in these proceedings?
>
> Levai: We'll take removal, Your Honor.
>
> IJ: Right, what is he, is he seeking any relief from removal, counsel or is he simply seeking removal?
>
> Levai: Seeking removal, Your Honor.

(AR 502.)

Based on that discussion, and without any follow-up questions being asked of Pasha[1], the IJ ordered Pasha removed to Pakistan. In his three-sentence decision, the IJ reasoned that "[i]t does not appear that the respondent [is] eligible for any relief from removal and the respondent makes no such applications for relief." (AR 489.)

Despite his apparent concession that there existed no viable basis to block Pasha's removal, and less than two weeks after the IJ ordered Pasha removed, Levai filed a notice of appeal. Therein, Levai requested that the BIA grant Pasha deferral of removal under the Convention Against Torture (CAT), and alternatively that it grant a remand to the IJ. Levai wrote that the appeal "is not based on the error of the Immigration Judge who has correctly ordered the Respondent deported, but rather to stop the deportation from taking place in order to save the Respondent from imminent danger that currently exists in Pakistan against all Americans and Westerners." (AR 480.) Along with the notice of appeal, Levai submitted a brief and extensive documentary evidence.

In March 2010, while Pasha's appeal was still pending, Levai was replaced by current immigration counsel. Current counsel filed with the BIA a document titled "Notice of Appearance and Remand," in which she stated her intention to "promptly file a Motion to Remand this matter as the Respondent was not given the opportunity to apply for relief from removal, and is afraid to return to his home country of Pakistan." (AR 7.) Current counsel indicated that Levai had been aware of Pasha's fear of removal prior to

---

[1] Pasha was and continues to be in custody at Pike County Prison pursuant to an immigration detainer. He appeared by video at the December 7, 2009 hearing.

3

the December 7, 2009 hearing, even though "it was not brought to the [IJ's] attention." (AR 7.)

On April 8, 2010, the BIA dismissed Pasha's appeal. The BIA determined that, to the extent Pasha sought CAT relief or cancellation of removal, "neither these nor any other requests for relief were raised before the Immigration Judge, [and as a result] they have been waived." (AR 4.) The BIA rejected Pasha's claim that Levai rendered ineffective assistance in failing to apply for immigration relief, determining that Pasha had failed to comply with the procedural requirements for such claims set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). In addition, the BIA declined to remand proceedings to the IJ, noting Pasha's failure to show that his documentary evidence "could not have been presented before the Immigration Judge." (AR 3.) This petition for review followed.

## II. Jurisdiction

Our jurisdiction to review the final order of removal in this case is limited because Pasha was found, and he does not contest that he is, removable for having committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). Therefore, unless Pasha has raised a colorable constitutional or legal claim pursuant to 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction over his petition for review. Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008).[2] In its motion to dismiss, the Government contends, inter alia, that, because Pasha's due process claim—rooted in the alleged ineffective assistance of Levai—is

---

[2] Of course, "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

"meritless," we lack jurisdiction over the petition for review. But contrary to the Government's contention, 'colorable' is not a synonym of 'meritorious.' See United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996) (noting that a claim is "colorable" if it consists of more than "mere bald-faced allegations"); Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (noting that a claim is "colorable" if it is "not wholly insubstantial or frivolous.").

That said, we conclude that Pasha raises a colorable ineffective assistance of counsel claim, thus enabling our exercise of jurisdiction to review that claim under 8 U.S.C. § 1252(a)(1). Pasha's claim that the BIA abused its discretion in denying his motion to remand, on the other hand, is the type of claim § 1252(a)(2)(C) prevents us from reaching in a case like this. Accordingly, we grant the Government's motion to dismiss the petition for review in part. We proceed to the merits of Pasha's petition that we can entertain.[3]

### III. Standard of Review

"Because the BIA issued an opinion, rather than a summary affirmance, we review the BIA's (rather than the IJ's) decision." Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008). Ineffective assistance of counsel during removal proceedings violates the Due Process Clause of the Fifth Amendment, and claims predicated on such ineffectiveness are reviewed de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir.

---

[3] We agree with the Government's contention in its brief that we lack jurisdiction to review Pasha's remaining claims of BIA error and procedural due process violations, based on Pasha's failure to exhaust those claims with the BIA. See Hoxha v. Holder, 559

2007).

## IV.  Discussion

To proceed with his claim of ineffective assistance, Pasha was required to comply with the following procedural prerequisites: "(1) provide an affidavit attesting to the relevant facts, (2) inform former counsel of the allegations and allow him an opportunity to respond, and (3) 'if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.'" Rranci, 540 F.3d at 172 (quoting Lozada, 19 I. & N. Dec. at 639); see also In re Compean, 25 I. & N. Dec. 1, 3 (A.G. 2009) (BIA should apply Lozada to all pending and future ineffective assistance claims pending rulemaking). Like the BIA, we recognize that Pasha has failed to comply with *any* of Lozada's procedural requirements.  Although conceding as much in his opening brief, Pasha argues that we should follow cases where an alien's failure to even minimally comply with Lozada was not deemed fatal to his ineffective assistance claim.  See, e.g. Castillo-Perez v. INS, 212 F.3d 518, 525 (9th Cir. 2000) (under circuit precedent, "when '[t]he facts are plain on the face of the administrative record,' the requirements of Lozada 'are not dispositive . . . .'") (citation omitted).

While we have determined that enforcement of its procedural requirements generally constitutes a reasonable exercise of agency discretion, we have also cautioned against a "strict, formulaic interpretation of Lozada." Lu v. Ashcroft, 259 F.3d 127, 133

F.3d 157, 159 (3d Cir. 2009).

6

(3d Cir. 2001). In <u>Lu</u>, we adopted the approach of courts that have interpreted the <u>Lozada</u> requirements broadly, such that they "need not be rigidly enforced where their purpose is fully served by other means." <u>Id.</u> at 134 (quoting <u>Castillo-Perez</u>, 212 F.3d at 526). There are no such other means available in this case: Pasha did not comply with a single one of <u>Lozada</u>'s procedural requirements; Levai's alleged ineffective assistance is not obvious from the record, <u>cf.</u> <u>Castillo-Perez</u>, 212 F.3d at 526 ("The hearing record and briefing that was before the BIA on Castillo's motion to remand makes it perfectly clear that Portnoy, Castillo's first lawyer, not only completely failed in his duties to his client, but his office either misinformed or misled Castillo by representing that [his application for relief] had been filed (when, of course, it had not)"); and there is no indication that current counsel has made any real attempts at <u>Lozada</u> compliance during her representation of Pasha. Given these circumstances, we cannot say that the BIA erred in rejecting Pasha's ineffective assistance claim as procedurally deficient under <u>Lozada</u>.

## V. Conclusion

For the reasons given in this opinion, Pasha's petition for review will be dismissed in part; the part remaining will be denied.